UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENNY FORD,<br>CDCR #C-04844,<br><br>                           Plaintiff,<br><br>vs.<br><br>E. SANCHEZ-GALVIN, E. YANEZ,<br>O. VALDEZ and K. SAUNDERS,<br><br>                           Defendants. | Case No.: 24-CV-1025 JLS (KSC)<br><br>**ORDER (1) GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*; AND (2) DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)** |

Plaintiff Benny Ford is a state prisoner proceeding pro se with a civil rights Complaint pursuant to 42 U.S.C. § 1983 ("Compl.," ECF No. 1). Plaintiff has also filed a motion ("Mot.," ECF No. 2) to proceed *in forma pauperis* ("IFP").

**MOTION TO PROCEED IFP**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $405, consisting of a $350 statutory fee plus an additional administrative fee of $55, although the administrative fee does not apply to persons granted leave to proceed IFP. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee

1

Schedule, § 14 (eff. Dec. 1, 2023)).  The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).  *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007).  A prisoner seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint."  28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005).  From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has insufficient assets.  *See* 28 U.S.C. § 1915(b)(1) & (4); *Bruce v. Samuels*, 577 U.S. 82, 84 (2016).  Prisoners who proceed IFP must pay any remaining balance in "increments" or "installments," regardless of whether their action is ultimately dismissed.  28 U.S.C. § 1915(b)(1) & (2); *Bruce*, 577 U.S. at 84.

In support of his IFP motion, Plaintiff has submitted a copy of his California Department of Corrections and Rehabilitation ("CDCR") Inmate Statement Report and Prison Certificate attested to by a CDCR trust account official.  ECF No. 4 at 1.  The document shows he had an average monthly balance of $11.87 and average monthly deposits of $12.40, with an available balance of $0.34.  *Id*.

Accordingly, the Court **GRANTS** Plaintiff's motion to proceed IFP and declines to assesses the initial partial filing fee of $2.48 because it appears Plaintiff has insufficient funds to pay it.  *See Taylor v. Delatoore*, 281 F.3d 844, 850 (9th Cir. 2002) (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered").  The Secretary of the CDCR or his designee will collect and forward to the Clerk of Court the $350 balance of the filing fee required by 28 U.S.C. § 1914 pursuant to the installment payment provisions of 28 U.S.C. § 1915(b)(1).

/ / /

/ / /

**SCREENING PURSUANT TO 28 §§ 1915(e)(2) & 1915A(b)**

**I.     Standard of Review**

Because Plaintiff is a prisoner proceeding IFP, his Complaint requires a pre-Answer screening pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b).  The Court must *sua sponte* dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune.  *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (citing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (citing 28 U.S.C. § 1915A(b)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that § 1915A screening "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)").  Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Title 42 U.S.C. § 1983 "creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001).  Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (internal quotation marks omitted).  "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law."

1  *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

## II. Allegations in the Complaint

Plaintiff alleges that on October 26, 2023, while housed at Calipatria State Prison in Imperial, California, Defendant Counselor Galvan called Plaintiff into her office to prepare for a December 14, 2023, parole hearing, and handed him five CDCR-810 forms with 52 separate items of confidential information ranging from 1979 to 2021. Compl. at 12–13. However, only the dates the information was logged were recorded on those forms, and there was no information regarding the incidents or identification of the correctional officers who reported or confirmed the incidents. *Id*. at 12. Plaintiff informed Galvan that not knowing that information would prevent him from removing it from his record and defending himself at the parole hearing. *Id*. at 13. Galvan then gave him a memorandum dated November 8, 2023, which stated Plaintiff "was in the position of supreme counsel of the Bloodlines gang," but which did not reflect any verification or investigation to determine if that was true. *Id*. at 13–14.

On November 30, 2023, Plaintiff attended a Unit Classification Committee ("UCC") with Defendants chairperson captain Valdez, counselor Yanez, and supervising counselor Saunders. *Id*. at 14. Plaintiff informed these Defendants of the "illegal material" prepared by Galvan for the parole hearing, but Saunders refused to listen and falsely stated that the confidential information had been signed off on or verified by a captain or above, while Valdez and Yanez remained silent. *Id*. at 14, 17–18. Plaintiff alleges there is no documentation showing that the confidential information was signed off on or verified, and states that it was used to deny him parole for seven years. *Id*. at 14–15. He claims the Defendants have lied and falsified documents in violation of due process, and that their deliberate indifference has caused him physical and emotional injuries amounting to cruel and unusual punishment prohibited by the Eighth Amendment. *Id*. at 14–20.

/ / /

/ / /

/ / /

## III. Discussion

### A. Fourteenth Amendment Due Process Claim

Due Process Clause of the Fourteenth Amendment prohibits states from "depriv[ing] any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. Liberty interests protected by the Due Process Clause "will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). To the extent Plaintiff can identify a protected liberty interest with respect to his parole proceedings, federal law requires only that he be provided fair procedures for its vindication. *See Swarthout v. Cooke*, 562 U.S. 216, 220 (2011) ("Whatever liberty interest [in parole that] exists is, of course, a *state* interest created by California law."). "In the context of parole, we have held that the procedures required are minimal." *Id.*

Due Process requires that the State furnish a parole applicant with an opportunity to be heard and a statement of reasons for a denial of parole. *Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 16 (1979). "The Constitution does not require more." *Id.*; *see also Roberts v. Hartley*, 640 F.3d 1042, 1046 (2011) ("[T]here is no substantive due process right created by the California parole scheme. If the state affords the procedural protections required by *Greenholtz* and *Cooke*, that is the end of the matter for purposes of the Due Process Clause."). Plaintiff's allegations that Defendants refused to allow him to challenge the evidentiary basis for the evidence used to deny him parole fails to state a due process claim because the United States Supreme Court has rejected the contention that federal due process contains a guarantee of evidentiary sufficiency with respect to a parole determination. *See Swarthout*, 562 U.S. at 220 ("No opinion of ours supports converting California's 'some evidence' rule into a substantive federal requirement."); *see also Miller v. Oregon Bd. of Parole and Post-Prison Supervision*, 642 F.3d 711, 717 (9th Cir. 2011) ([I]ssue is not whether Board's parole denial was

"substantively reasonable," or whether the Board correctly applied state parole standards, but simply was "whether the state provided Miller with the minimum procedural due process outlined in [*Swarthout v*.] *Cooke*.").

Because Plaintiff has failed to allege the parole board denied him an opportunity to be heard and a statement of reasons for denial of parole, he has failed to state a due process claim. Plaintiff's Fourteenth Amendment due process claim is dismissed *sua sponte* pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b) for failure to state a claim.

### B. Eighth Amendment Cruel and Unusual Punishment Claim

"[A] prison official violates the Eighth Amendment when two requirements are met. First, the deprivation alleged must be, objectively, 'sufficiently serious.'" *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Second, Plaintiff must allege the prison official he seeks to hold liable had a "sufficiently culpable state of mind," that is, "one of 'deliberate indifference' to" his constitutional rights. *Id.* (quoting *Wilson*, 501 U.S. at 302–03).

Plaintiff alleges he experienced severe physical pain from the stress caused by Defendants' deliberate indifference to his need to challenge the information used at his parole hearing in violation of the Eighth Amendment. Compl. at 20. Plaintiff has not plausibly alleged an objectively serious deprivation amounting to a denial of "the minimal civilized measures of life's necessities." *Keenan v. Hall*, 83 F.3d 1083, 1089 (9th Cir. 1996) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981)); *Wilson*, 501 U.S. at 298 ("[O]nly those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." (quoting *Rhodes*, 452 U.S. at 347)); *see also Morrison v. Madden*, No. 22cv0925-MWF (MAA), 2023 WL 9601240, at *4 (C.D. Cal. July 27, 2023) ("[T]he Supreme Court has never recognized an Eighth Amendment claim in the parole denial context." (first citing *Greenholtz*, 442 U.S. at 7; and then citing *Swarthout*, 562 U.S. at 220)).

Plaintiff's Eighth Amendment claim is dismissed *sua sponte* pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b) for failure to state a claim.

### C. State Law Claims

Plaintiff indicates in a conclusory manner that he is bringing claims pursuant to state and federal law. Compl. at 2. To the extent Plaintiff brings state law claims, the Court may "decline to exercise supplemental jurisdiction" over any supplemental state law claim if it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c); *Sanford v. Member Works, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine . . . will point toward declining to exercise jurisdiction over the remaining state-law claims."). Because all federal claims have been dismissed from this action, the Court declines to exercise supplemental jurisdiction over any state law claims at this time.

## IV. Leave to Amend

In light of his pro se status, the Court grants Plaintiff leave to amend his Complaint in order to attempt to address the pleading deficiencies identified in this Order. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotation marks omitted).

## CONCLUSION

Accordingly, good cause appearing, the Court:

1) **GRANTS** Plaintiff's Motion to Proceed IFP (ECF No. 2).

2) **DIRECTS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's prison trust account the $350 filing fee by collecting monthly payments from Plaintiff's account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2).

3) **DIRECTS** the Clerk of the Court to serve a copy of this Order by U.S. Mail on Jeff Macomber, Secretary, California Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, California, 94283-0001.

4) **DISMISSES** Plaintiff's Complaint for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1) and **GRANTS** Plaintiff forty-five (45) days leave from the date of this Order in which to file an Amended Complaint which cures all the deficiencies of pleading noted.  Plaintiff's Amended Complaint must be complete by itself without reference to his original pleading.  Defendants not named and any claim not re-alleged in his Amended Complaint will be considered waived.  *See* S.D. Cal. Civ L.R. 15.1; *Hal Roach Studios, Inc.*, 896 F.2d at 1546 ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled").

If Plaintiff fails to file an Amended Complaint within the time provided, the Court will enter a final Order dismissing this civil action based both on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1), and his failure to prosecute in compliance with a court order requiring amendment.  *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED**.

Dated:  September 26, 2024

Hon. Janis L. Sammartino
United States District Judge