UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENNY FORD, CDCR #C-04844, <br><br>                    Plaintiff, <br><br> vs. <br><br> E. SANCHEZ-GALVIN, E. YANEZ, O. VALDEZ and K. SAUNDERS, <br><br>                    Defendants. | Case No.:  24-CV-1025 JLS (KSC) <br><br> **ORDER DISMISSING FIRST AMENDED COMPLAINT PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)** |

On June 10, 2024, Plaintiff Benny Ford, a state prisoner proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 ("Compl.," ECF No. 1). Plaintiff alleged that Defendants, correctional officers at Calipatria State Prison, refused to allow him to challenge the accuracy of documents they prepared which were used at his parole hearing where he was denied parole. *Id*. at 12–20. He claimed their actions violated his right to due process under the Fourteenth Amendment and caused him pain and suffering in violation of the Eighth Amendment. *Id*.

On September 26, 2024, the Court granted Plaintiff leave to proceed *in forma pauperis* and dismissed the Complaint for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b). ECF No. 7. The Court informed Plaintiff his allegations failed

to state a due process or cruel and unusual punishment claim. *Id*. at 5–6 (first citing *Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 16 (1979) (holding that federal due process is satisfied when a parole applicant is provided with an opportunity to be heard and a statement of reasons for a denial of parole); and then citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) ("[O]nly those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation.")). Plaintiff was granted leave to amend and instructed that his amended complaint must be complete by itself without reference to his original pleading. *Id*. at 8.

Plaintiff has now filed a First Amended Complaint ("FAC," ECF No. 8), which relies on the allegations in the original Complaint, supplemented by exhibits attached to the FAC, and seeks reconsideration of the Court's prior dismissal order. The FAC is not complete by itself without reference to the original pleading because it merely cites to the prior version of the Complaint with a reference to attached exhibits as a substitute for factual allegations. *Id*. at 7–9. Plaintiff is not permitted to cite to the original Complaint as a substitute for factual allegations or rely on the exhibits attached to the FAC as a substitute for factual allegations. *See Arnold v. Hearst Mag. Media, Inc*., No. 19-cv-1969-WQH-MDD, 2020 WL 3469367, at *8 (S.D. Cal. June 24, 2020) ("Exhibits attached to a complaint are not a substitute for factual allegations.").

In addition, Plaintiff has failed to state a 42 U.S.C. § 1983 claim upon which relief may be granted. He recognizes in the FAC that in the context of a parole hearing federal due process entitles him only to an opportunity to be heard and a statement of reasons for denial of parole, but states that he is not challenging the denial of parole, merely the procedures used by Defendants to prepare documents used at his parole hearing. FAC at 2–3. As noted in the prior dismissal Order, those allegations do not state a Fourteenth Amendment due process or an Eighth Amendment cruel and unusual punishment claim. ECF No. 7 at 5–6.

Accordingly, the FAC is dismissed for failing to state a claim upon which relief may

1 be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1) for the same reasons the original Complaint was dismissed. Though it appears unlikely to the Court that the deficiencies of the FAC can be cured by amendment, out of abundance of caution, the Court grants Plaintiff leave to amend his FAC in order to attempt to address the pleading deficiencies identified in this Order. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (internal quotation marks omitted)).

For the above reasons, the Court **DISMISSES** Plaintiff's First Amended Complaint for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1) and **GRANTS** Plaintiff forty-five (45) days leave from the date of this Order in which to file a Second Amended Complaint which cures all the deficiencies of pleading noted. **Plaintiff's Second Amended Complaint must be complete by itself without reference to his original pleading.** Defendants not named and any claim not re-alleged in his Second Amended Complaint will be considered waived. *See* S.D. Cal. Civ L.R. 15.1; *Hal Roach Studios, Inc.*, 896 F.2d at 1546 ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled").

If Plaintiff fails to file a Second Amended Complaint within the time provided, the Court will enter a final Order dismissing this civil action based both on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1), and his failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does

///
///
///
///

not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED**.

Dated: December 11, 2024

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge